J-S87016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID G. LUDWIG | |
| Appellant | No. 1075 MDA 2016 |

Appeal from the PCRA Order Dated May 19, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005841-2005

BEFORE: LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.: **FILED JANUARY 13, 2017**

Appellant David G. Ludwig appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. The PCRA court found the petition untimely and therefore not within its jurisdiction. We affirm.

On June 14, 2006, Appellant entered a negotiated guilty plea to two counts of first-degree murder and one count each of statutory sexual assault, carrying firearms without a license, and recklessly endangering another person.[1] At the time of the crimes, Appellant was 18½ years old. The trial court sentenced Appellant to two consecutive mandatory terms of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a), 3122.1, 6106(a)(1), and 2705, respectively.

life imprisonment for the first-degree murder convictions pursuant to 18 Pa.C.S. § 1102(a)(1), and a consecutive term of nine-and-one-half to nineteen years' imprisonment for the remaining charges. PCRA Ct. Op., 5/19/16, at 1-3. Appellant did not file a direct appeal.

On August 17, 2012, Appellant, *pro se*, filed his first petition for post-conviction relief. Counsel was appointed, and, concluding that the petition was untimely, filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed Appellant's first petition as untimely on October 16, 2012. This Court affirmed the denial of Appellant's first petition, **Commonwealth v. Ludwig**, No. 1999 MDA 2012 (Pa. Super., July 10, 2013) (unpublished memorandum), and the Supreme Court of Pennsylvania denied *allocatur*, No. 674 MAL 2013 (Pa., Jan. 7, 2014).

On March 24, 2016, Ludwig filed the instant PCRA petition, his second, *pro se.* On April 6, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss this petition on the basis that it was untimely and Appellant had failed to plead any exception to the PCRA's time bar. On May 6, 2016, Appellant filed a *pro se* response, stating, among other things, that his petition was timely, and invoking the exceptions to the PCRA's time bar that are set forth at 42 Pa.C.S. § 9545(b)(ii) and (iii). By an order entered May 19, 2016, the PCRA court dismissed Appellant's petition as untimely.

Appellant then mailed to this Court a notice of appeal that is dated June 16, 2016.

On appeal, Appellant raises the following issues, as stated in his brief:

Is Appellant, according to the Pa. Constitution, common law definitions, and case law a minor and therefore fits into the subclass of those defined as a juvenile entitling him to the same protections afforded his minor counterparts in recent U.S. Supreme Court decisions, specifically "Montgomery v. Louisiana" finding "Miller v. Alabama" to be retroactive[?]

Did Appellant suffer ineffective assistance of trial counsel where counsel failed to utilize scientific evidence readily available to demonstrate Appellant['s] diminished capacity?

The defendant's 6th and 14th Amendment rights were violated at the sentencing phase rendering the plea null and void.

Did the Appellant have a diminished culpability to negate [*mens*] *rea*?

Did the Commonwealth create 2 separate classes prohibiting 18–25 year olds from utilizing scientific evidence relied upon in Montgomery/Miller and denying them equal protection and due process of the law?

As a new substantive rule of constitutional law barring certain mandatory minimums, it is unlawful to withhold the application of **Alleyne v. United States**, 133 S.Ct. 215[1] (2013) to Appellant's mandatory minimum life imprisonment sentence and it's "without parole."

Appellant's Brief at 6.

## This Court's Jurisdiction

Before we address Appellant's issues, we must determine whether Appellant timely filed his notice of appeal. Although neither party raises this

- 3 -

issue, we address it *sua sponte* because it implicates our jurisdiction. ***Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998).

In order for this Court to have jurisdiction, Appellant's notice of appeal must have been filed within thirty days of the PCRA court's order. ***See*** Pa.R.A.P. 903(a) (time for filing appeal); ***Cooper***, 710 A.2d at 78 (court lacks jurisdiction if notice of appeal is not timely filed). Under the "prisoner mailbox rule," a *pro se* prisoner's notice of appeal is deemed filed "on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). Where the facts concerning the timeliness of a notice of appeal are in dispute, a remand for an evidentiary hearing may be necessary. ***Id.*** at 426 n.3. "Where, however, the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand." ***Cooper***, 710 A.2d at 79 (citing ***Jones***, 700 A.2d at 426 n.3).

In ***Cooper***, the proof of service for the notice of appeal stated that the notice was timely filed, and the court received the notice two days after the thirty-day period expired. ***Cooper***, 710 A.2d at 79. Further, neither party raised the issue of the timeliness of the appeal. ***Id.*** This Court held that under those circumstances, there was "plausible" evidence that the notice was timely, and we therefore could address the merits of the appeal. ***Id.***; ***see also Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super.

- 4 -

2007) (deeming appeal timely based on date on notice of appeal and fact that court received it three days after thirty-day period expired).

In this case, the PCRA court's order dismissing Appellant's petition was docketed on May 19, 2016. Because the 30th day fell on Saturday, June 18, 2016, Appellant had until Monday, June 20, 2016, to file a timely notice of appeal. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any [period of time referred to in any statute] shall fall on Saturday or Sunday . . . such day shall be omitted from the computation").

The trial court docket says that Appellant's notice of appeal was filed on June 27, 2016, seven days late. However, the Commonwealth does not challenge the timeliness of this appeal.[2] The certificate of service that accompanied the notice of appeal is dated June 16, 2016, which is well within the 30-day filing period. Appellant mailed the notice to this Court, rather than the trial court, and it was date-stamped by this Court on June 23, 2016, just three days after the thirty-day period had expired. Under these circumstances, we hold that there is "plausible" evidence that Appellant timely mailed his notice of appeal. *See Cooper*, 710 A.2d at 79.

The fact that Appellant mailed the notice of appeal to this Court, rather than to the trial court, does not deprive this Court of jurisdiction. Appellate Rule 905(a)(4) provides: "If a notice of appeal is mistakenly filed in an

_____

[2] Rather than filing a brief, the Commonwealth opted to rely upon the PCRA court's opinion. *See* Letter, 10/6/16.

appellate court, . . . the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed."[3] The sequence of events mandated by this rule explains why the notice of appeal was not filed in the trial court until June 27, 2016. We therefore consider Appellant's notice of appeal timely filed and will address the merits of his appeal.

**The Timeliness of Appellant's PCRA Petition**

The PCRA court dismissed Appellant's petition as untimely. This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

---

[3] Appellant was granted permission to proceed *in forma pauperis.* Thus, he was not required to pay the filing fee.

of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b) of the statute. **See** 42 Pa.C.S. § 9545(b).[4]

We have reviewed Appellant's brief, the certified record, the relevant law, and the opinion of the able PCRA court judge, the Honorable David L. Ashworth. We discern no error in this case and conclude that Judge Ashworth's opinion, entered on May 19, 2016, ably addressed the untimeliness of Appellant's PCRA petition. **See Barndt**, 74 A.3d 185, 191-92. Therefore, we affirm on the basis of Judge Ashworth's well-reasoned opinion and adopt it as our own. In the event of further proceedings, the parties shall attach a copy of the PCRA court's May 19, 2016 opinion to this memorandum.

_____

[4] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
:
v. :  No. 5841- 2005
:
DAVID G. LUDWIG :

OPINION

BY:   ASHWORTH, J., MAY 19, 2016

Before the Court is David G. Ludwig's second *pro se* petition filed pursuant to the

Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541-46. For the reasons set

forth below, this petition will be dismissed without the appointment of counsel[1] and

without a hearing.[2]

I.   **Background**

The relevant facts and the procedural history of this case may be summarized as

follows. On November 13, 2005, Petitioner, then 18-1/2 years old,[3] went to the home of

his 14-year-old girlfriend, armed with several weapons, and got into an argument with

her parents, Michael and Cathryn B. After 30 to 45 minutes, Mr. B. informed Petitioner

---

[1]No counsel was appointed in this case as Ludwig had no right to appointed counsel for his second PCRA petition where no evidentiary hearing was required. *See* Pa. R.Crim.P. 904(D).

[2]Under Rule 907 of the Pennsylvania Rules of Criminal Procedure, a PCRA court may dispose of post conviction collateral relief petitions without a hearing if it is satisfied after reviewing the materials submitted that no genuine issues of material fact exist and that the petitioner is not entitled to post conviction relief.

[3]Ludwig's date of birth is April 28, 1987.

he was no longer permitted to see their daughter. As Mr. B. was showing Petitioner to the door, Petitioner drew a gun and shot Mr. B. in the back of the head. Petitioner then walked back to the living room and shot Mrs. B. in the head as she started to get up from her chair. Petitioner then fled the state with his minor girlfriend, with whom he had been having sexual relations for over two months.

Petitioner and the minor were apprehended in Indiana on November 14, 2005. The minor acknowledged to the police that she saw Ludwig shoot her father and point the gun at her mother. Pursuant to a warrant, the police searched Ludwig's laptop computer and discovered a video of Ludwig and another male handling various weapons and discussing an armed entry into an unknown residence. The two men also discussed Ludwig's sexual relationship with the Bs' daughter. The men were aware that the relations would constitute statutory rape. Following his arrest, Ludwig confessed to shooting Mr. and Mrs. B.

Ludwig was ultimately charged with two counts of first degree murder, recklessly endangering another person, statutory sexual assault, and firearms not to be carried without a license.[4] On December 16, 2005, the Commonwealth gave notice of its intention to seek the death penalty.

Ludwig entered a negotiated guilty plea to all charges on June 14, 2006, in exchange for the Commonwealth not seeking the death penalty. Pursuant to that agreement, this Court sentenced Ludwig to two consecutive mandatory terms of life imprisonment for the first degree murder convictions pursuant to 18 Pa. C.S.A.

---

[4] 18 Pa. C.S.A. § 2501(a), § 2705, § 3122.1, and § 6106(A)(1), respectively.

2

§ 1102(a)(1), plus a consecutive term of 9-1/2 to 19 years' imprisonment for the remaining charges.[5]

On August 17, 2012, Ludwig, acting *pro se*, filed a petition for post conviction collateral relief claiming a recent decision by the United States Supreme Court in **Miller v. Alabama**, — U.S. —, 132 S.Ct. 2455 (2012), entitled him to relief. In **Miller v. Alabama**, the Court "set [the] mean age at 17 at which it is unconstitutional to impose a mandatory life without parole term without judicial discretion to tailor the sentence by considering the mitigating factor of age." (*See* 2012 PCRA Petition at 6.) Ludwig relied on the reasoning in **Miller v. Alabama** to support his argument that, as an 18-year-old at the time of his offense, he is entitled to the same protection from a mandatory sentence of life in prison without the possibility of parole as a juvenile. (Id. at 6-7.) Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, Andrew S. Cooper, Esquire, was appointed to represent Ludwig on his collateral claims and was granted leave to file an amended petition, if appropriate.

After a careful and conscientious review of the entire record, PCRA counsel concluded that the *pro se* petition was time barred and there was no applicable exception to the one-year statute of limitations in the Act. As such, the *pro se* petition was untimely. Accordingly, he submitted a "no merit letter"[6] and request to withdraw on September 25, 2012. After reviewing the *pro se* petition, counsel's "no merit letter," and

---

[5]Petitioner received consecutive sentences of 3-1/2 to 7 years for the firearms violation, 1 to 2 years for the reckless endangerment, and 5 to 10 years for the statutory sexual assault.

[6]This was filed pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988).

3

the entire record in this case, I agreed that the petition was time barred and that I lacked jurisdiction to consider the petition. Therefore, on October 16, 2012, I dismissed the PCRA petition without a hearing.

A timely notice of appeal to the Superior Court of Pennsylvania was filed on November 2, 2012. On July 10, 2013, a three-judge panel of the Superior Court affirmed the denial of the *pro se* PCRA petition in an unpublished memorandum. (*See* **Commonwealth** v. **Ludwig**, 2013 WL 11259056 (Pa. Super. July 10, 2013).) A petition for allowance of appeal was filed with the Supreme Court of Pennsylvania on August 8, 2013, and denied on January 7, 2014. (*See* 674 MAL 2013.)

On March 24, 2016, Ludwig, acting *pro se*, filed a second petition for post conviction collateral relief which raises six claims: (1) Petitioner is a "minor" and entitled to the protections afforded in **Miller** v. **Alabama**, *supra*, and **Montgomery** v. **Louisiana**, 136 S.Ct. 718 (2016); (2) Trial counsel was ineffective for "fail[ing] to utilize scientific evidence readily available to demonstrate [Petitioner's] diminished capacity"; (3) Petitioner's "6th and 14th Amendment Rights were violated at the sentencing phase rendering the plea null and void"; (4) Petitioner had a "diminished culpability to negate mens rea"; (5) the Commonwealth "create[d] 2 separate classes prohibiting 18-25 year olds from utilizing scientific evidence relied upon in **Montgomery/Miller** and den[ied] them Equal Protection and Due Process of the law"; and (6) "[I]t is unlawful to withhold the application of **Alleyne** v. **United States**, 133 S.Ct. 2151 (2013), to Petitioner's mandatory minimum life imprisonment sentence." (*See* 2016 PCRA Petition at 5-28.)

4

## II. Discussion

Ludwig's *pro se* PCRA petition is governed by 42 Pa. C.S.A. § 9545(b)(1), which provides that all PCRA petitions normally must be filed within one year from the date the petitioner's judgment of sentence became final. 42 Pa. C.S.A. § 9545(b)(1). This time restriction is "jurisdictional in nature." **Commonwealth v. Albrecht**, 606 Pa. 64, 67, 994 A.2d 1091, 1093 (2010) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither [the Superior] Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011) (*quoting* **Commonwealth v. Fahy**, 558 Pa. Super. 313, 329, 737 A.2d 214, 222 (1999)). "Without jurisdiction, [the courts] simply do not have the legal authority to address the substantive claims." **Seskey**, *supra*.

For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review. 42 Pa. C.S.A. § 9545(b)(3). In terms of his original convictions and sentence, Ludwig's judgment became final on or about July 14, 2006, *i.e.*, the date Ludwig had to file a direct appeal with the Superior Court of Pennsylvania from that sentence. Accordingly, Ludwig had one year from July 14, 2006, in which to file a timely PCRA petition. Ludwig filed the instant petition on March 24, 2016, almost ten years later. Since this PCRA petition was not filed within one year of the time that judgment of sentence became final, it will be untimely unless Ludwig pleads and

5

proves[7] the applicability of one of the three statutory exceptions to § 9545(b)(1), which are enumerated at § 9545(b)(1)(i-iii). **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014); **Commonwealth v. Ketchmar**, 971 A.2d 1249, 1251 (Pa. Super. 2009).

Section 9545(b)(1) permits consideration of the merits of a facially untimely PCRA petition where:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S.A. § 9545(b)(1)(i-iii).

In his second *pro se* PCRA petition, Ludwig seeks again to establish that he has satisfied the exception contained in § 9545(b)(1)(iii) by arguing that the rationale utilized by the United States Supreme Court establishing a new constitutional right in **Miller v. Alabama**, *supra*, entitles him to relief. On appeal from the denial of his first PCRA petition, the Superior Court unequivocally held that "**Miller** does not apply to those eighteen and over."[8] (*See* July 10, 2013, slip op. at 5.) Ludwig concedes in his PCRA

---

[7]As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions to the one-year time requirement applies. **Commonwealth v. Abu-Jamal**, 596 Pa. 219, 227, 941 A.2d 1263, 1268 (2008); **Commonwealth v. Bronshtein**, 561 Pa. 611, 616, 752 A.2d 868, 871 (2000).

[8]As noted above, § 9545(b)(1)(iii) requires that the petitioner must be seeking protection under a newly-recognized constitutional right. While **Miller v. Alabama** does recognize a new constitutional right, that right extends only to juveniles convicted of homicide offenses who are

6

petition that he, in fact, was an 18-year-old at the time of his offense. (*See* 2016 PCRA Petition at 5.) Yet, in response to this Court's Rule 907 Notice, Ludwig is taking the position that he was legally a minor at the time of his crime as evidenced by the fact that civil suits for "wrongful death" were filed by the administrators of the estates of his victims against Ludwig's parents because the estates were prevented by law from suing him directly because he was a minor. (*See* Petitioner's Response to 907 Notice at ¶ 1.)

In fact, in the matters of **B., et al. v. Gregory Ludwig and Jane Ludwig**, No. CI-07-07443 (Lancaster Co.), and **B., et al. v. Gregory and Jane Ludwig**, No. CI-07-07446 (Lancaster Co.), David Ludwig's parents were sued in their own right, and not as his guardians.[9] Accordingly, this evidence does not establish "that the Petitioner has already been recognized by the Pennsylvania Courts to be a Minor under the PA Constitution," as asserted by Ludwig. (*See* Petitioner's Response to 907 Notice at ¶ 1.) Ludwig was 18 when he committed this double homicide and is simply not entitled to the protection of **Miller v. Alabama**.[10]

---

sentenced to a mandatory life in prison without the possibility of parole. The **Miller v. Alabama** Court did not consider whether this new constitutional right applies to young adults below the age of 25 sentenced to life without parole for a homicide offense. The United States Supreme Court limited its holding only to *juveniles* sentenced to life in prison without parole for homicide offenses.

[9]These cases were sealed by Order of this Court dated December 8, 2008.

[10]On January 25, 2016, the Supreme Court of the United States decided **Montgomery v. Louisiana**, *supra*, which held that **Miller** announced a new substantive constitutional rule. 136 S.Ct. at 732. "Although **Montgomery** arguably expands **Miller**, *see* id. at [743] (Scalia, J. dissenting), such expansion is not relevant to the disposition of the case *sub judice* as **Montgomery**, like **Miller**, addressed the situation where a defendant was sentenced to life imprisonment without the possibility of parole for a crime committed while he was a *juvenile*." **Commonwealth v. Bonner**, 2016 WL 703605, at *10 n.19 (Pa. Super. Feb. 23, 2016) (emphasis added). Similarly, **Montgomery** is not relevant to this case as Ludwig was an adult when he was sentenced to life imprisonment without the possibility of parole.

7

Ludwig further seeks to establish that he has satisfied the exception contained in § 9545(b)(1)(iii) by arguing that the new constitutional right established by the United States Supreme Court in **Alleyne v. United States**, *supra*, entitles him to relief. In **Alleyne**, the United States Supreme Court held that any fact triggering a mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt. *See* **Alleyne**, 133 S.Ct. at 2155. **Alleyne** rendered many of Pennsylvania's mandatory minimum statutes unconstitutional. *See, e.g.,* **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (42 Pa. C.S.A. § 9712.1 rendered unconstitutional by **Alleyne**); **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014) (42 Pa. C.S.A. § 7508 unconstitutional); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (42 Pa. C.S.A. §§ 9712 and 9713 unconstitutional).

In **Newman**, *supra*, the Superior Court made clear that **Alleyne** does not apply retroactively to cases where the judgment of sentence has already become final but rather is applicable only to criminal cases pending on direct appeal as of the date of the **Alleyne** decision. 99 A.3d at 90. *See also* **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014) (explaining neither the Pennsylvania Supreme Court nor the United States Supreme Court has held that **Alleyne** applies retroactively). Here, Ludwig's judgment of sentence became final on July 14, 2006. The Supreme Court decided **Alleyne** on June 17, 2013. Ludwig's judgment of sentence was already final long before **Alleyne** was decided. Ludwig also did not comply with the PCRA's 60-day rule set forth in Section 9545(b)(2).[11]

---

[11] A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). This rule is strictly

8

More importantly, **Alleyne** simply does not apply here because Ludwig was not subjected to a mandatory minimum based on judicial fact-finding.[12] Rather, Ludwig's mandatory sentence for his convictions was life in prison without the possibility of parole and there were no additional facts over and above that which was necessary to sustain the conviction that increased that penalty. Ludwig cannot obtain relief under **Alleyne**. *See* **Gribschaw v. Wenerowicz**, 2016 WL 1161079 (W.D. Pa. Mar. 23, 2016) (**Alleyne** inapplicable to sentence of life imprisonment without the possibility of parole resulting from conviction for first degree murder in bench trial); **Commonwealth v. Harville**, 2016 WL 1033441, at *3 (Pa. Super. Mar. 15, 2016) (sentence of life imprisonment without parole not an illegal sentence pursuant to **Alleyne** because sentence resulted from jury's conviction for second-degree murder). Thus, even if **Alleyne** applied retroactively, and Ludwig had met the 60-day rule, **Alleyne** would not afford Ludwig relief. Accordingly, Ludwig has failed to plead and prove that one of the exceptions to the one-year time requirement applies to the facts of his case, and this Court lacks jurisdiction to consider the merits of Ludwig's claims.[12]

---

enforced. **Commonwealth v. Vega**, 754 A.2d 714 (Pa. Super. 2000).

[12]Despite his protestations to the contrary, Ludwig, who was 18 years old at the time of the murders, was not a juvenile at the time of the crime nor was his age an element of the crime which led to an increase in a mandatory minimum sentence and therefore needed to be submitted to a jury.

[12]Even were this Court vested with jurisdiction, Ludwig's remaining claims lack merit. His assertion that trial counsel was ineffective for failing to offer mitigating evidence at the time of sentencing is baseless. (*See* 2016 PCRA Petition at 7.) First degree murder carries a mandatory life sentence for an adult offender, thus precluding the opportunity to introduce mitigating evidence. *See* **Harmelin v. Michigan**, 501 U.S. 957, 994-95 (1991) (holding the sentencing court is not required to consider mitigating evidence before sentencing an adult to a mandatory term of life imprisonment without parole). Petitioner's claim that his "6th and 14th Amendment Rights were violated at the sentencing phase rendering the plea null and void" is

9

## III. Conclusion

For the reasons set forth above, David G. Ludwig's second *pro se* PCRA petition will be dismissed without further proceedings as this Court lacks jurisdiction to decide the untimely petition on its merits.

Accordingly, I enter the following:

---

based also on the fact that counsel did not present, and the sentencing court did not consider, "the neurological scientific evidence used in **Miller**" to establish his "diminished culpability" resulting for a "brain [that] was not fully developed." (*See* 2016 PCRA Petition at 8.) Again, first degree murder carries a mandatory life sentence, and no amount of mitigating evidence would change that fact. Ludwig next asserts that he had a "diminished culpability to negate mens rea," but offers no analysis or discussion whatsoever. (Id. at 10.) This claim appears to relate to the presentation of mitigation evidence and must be rejected. Lastly, Ludwig claims the Commonwealth "create[d] 2 separate classes prohibiting 18-25 year olds from utilizing scientific evidence relied upon in **Montgomery/Miller** and den[ied] them Equal Protection and Due Process of the law." (Id.) He suggests that a class of juveniles "above age 18, but below age 21" exists, which class is being denied certain constitutional rights. (Id.) As noted by the Superior Court in its decision denying Ludwig's first *pro se* PCRA petition:

[N]o case in the entire United States has ever held that it is a violation of the Eighth Amendment to sentence an adult under the age of twenty-five to a mandatory life imprisonment sentence following a specific intent murder conviction. Indeed, mandatory life imprisonment for those who are over eighteen and are convicted of first degree murder is a regularly and customarily employed punishment. Perhaps the United States Supreme Court may in the future determine that mandatory life imprisonment sentences for adults under twenty-five violate the Eight Amendment based on ever changing evolving standards of decency. That day has not come."

(2013 WL 11259056 at *3.)

10

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
                        :      No. 5841- 2005

v.           :

DAVID G. LUDWIG       :

## ORDER

AND NOW, this 19th day of May, 2016, upon consideration of David G. Ludwig's

pro se petition for post conviction collateral relief, it is hereby ORDERED that said

petition is DISMISSED.

      Pursuant to Pa. R.Crim.P. 907(4), this Court advises Petitioner that he has the

right to appeal from this Order. Petitioner shall have 30 days from the date of this final

Order to appeal to the Superior Court of Pennsylvania. Failure to appeal within 30 days

will result in the loss of appellate rights.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

BY THE COURT:

DAVID L. ASHWORTH
JUDGE

ATTEST: Jacquelyn E. Pfursich
Clerk of Courts

Copies to:   Travis S. Anderson, Assistant District Attorney
               David G. Ludwig, #GR-6289, SCI-Dallas, 1000 Follies Road, Dallas, PA
               18612 – CERTIFIED MAIL